IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNY SMITH,

        Plaintiff,

v.

TINA BOAK,

        Defendant.

Civ. No. 6:13-cv-1678-MC

**ORDER of DISMISSAL**

MCSHANE, Judge:

    For the reasons stated below, this case is **dismissed** from Federal Court, **with prejudice**.

## BACKGROUND

On September 23, 2013, Plaintiff Smith filed a *pro se* Complaint alleging that on or about May of 2011, the Defendant (Tina Boak, a Winston, Oregon Police Officer), "...unlawfully and knowingly commit[ted] theft of my Civil Rights...commit[ted] theft of my Constitutional Rights...unlawfully and knowingly call[ed] me a liar and threatened to arrest me... stole rights from me by making deals with the judge and her attorney...and knowingly help[ed] steal my 1969 Harley Davidson Sportster motorcycle by aiding and abetting a known informant." Smith titled each alleged offence, "Theft in the First Degree" (a state criminal charge under ORS 164.055). The Complaint was signed by Smith and dated July 22, 2011 *and* August 23, 2013. Smith claimed $25,000 plus court costs as damages. [#1 at pages 1-2]. When Smith filed his Complaint, he described his cause of action as "Theft of property & theft of civil rights" on his Civil Cover Sheet [#1-1].

On October 11, 2013, this court granted Smith an additional 30 days to file an amended complaint curing the deficiencies set forth in the court's Order to Show Cause [#3]. The Show Cause Order informed Smith that failure to file an amended complaint consistent with the terms of the order would result in the dismissal of his action.

On November 3, 2013, Smith sent a letter addressed directly to this court, which indicated he did not fully understand the court's Show Cause Order and that he thought his action was already dismissed. In response, on November 6, 2013, I sent Smith an additional copy of the Show Cause Order and a reply letter explaining that his case was *not* yet dismissed, but it must be amended in order to state a claim. The letter suggested he seek help from a licensed attorney and provided a website for information on the local rules of civil procedure and for finding licensed attorneys.

On November 15, 2013, this court granted Smith's Motion for Extension of Time to File an Amended Complaint [#5], giving Smith an additional month to file an Amended Complaint, which was due December 19, 2013.

On December 3, 2013, this court received another 1-page hand-written letter from Smith dated December 1, 2013, along with a copy of his own September 2007 criminal indictment from Klamath County State Circuit Court, which Smith offered as "proof" of the illegal acts by the defendant in this case [#8]. As far as this court can decipher, the 2007 criminal indictment of Smith has no connection to the case or issues at hand, nor does it reference the defendant in any conceivable way. Smith's hand-written letter mentions the court's requirement for Smith to file an amended complaint, when Smith states, "I really don't know what you want when you ask for an amended complaint. I can only tell you my complaint this way. Tina Boak refused to give me a police report, yet she gave one to The Thieves as a written letter to give to the judge." Smith went on to explain, "She (Boak) stole my civil rights by not filing the appropriate paperwork to the District Attorneys Office charging them with Theft." [#8 at page 1].

No other letters, attempts at amending the Complaint, or motions for extension of time were received prior to the December 19, 2013 deadline.

## DISCUSSION

The plaintiff's complaint is dismissed, with prejudice, for failure to state a claim, as per 28 U.S.C. § 1915(e)(2); see also *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637 (9th Cir. 1988). The complaint does not allege sufficient facts for the court to determine what allegedly happened to the plaintiff, nor does it identify any cognizable claim.

The plaintiff was previously advised of the minimal pleading requirements of the Federal Rules of Civil Procedure, and was allowed to amend to cure the deficiencies set forth in the court's order. An amended complaint curing the deficiencies has not been received by the court, even after two time extensions were granted. It has also become apparent that the deficiencies of the complaint cannot be cured by amendment, so the dismissal is with prejudice, which means it cannot be filed again in *federal* court.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). "In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the plaintiff. *Tanner*, 879 F.2d at 576.

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987). Plaintiff Smith was allowed these opportunities, yet failed to remedy the deficiencies, as aforementioned above.

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). In this case, Plaintiff Smith has failed to comply with all three requirements.

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir. 1981). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir. 1988); see also, *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

In order to state a claim against a named defendant, plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). *Polk v. Montgomery County,* 548 F. Supp. 613, 614 (D.Md. 1982). See also, *Morabito v. Blum,* 528 F.Supp. 252, 262 (S.D. N.Y. 1981). Although pro se complaints are to be interpreted liberally, *Haines v. Kerner,* 92 S.Ct. 594 (1972), the court may not supply essential elements that are not pleaded. *Ivey v. Board of Regents,* 673 F.2d 266 (9th Cir. 1982). In the case at hand, even when liberally interpreted, Plaintiff Smith's claims are far too general and fail to comply with the Federal Rules of Civil Procedure.

For these reasons, this action is **dismissed**, with prejudice.

IT IS SO ORDERED.

DATED this 23rd day of December, 2013.

_____
Michael J. McShane
United States District Judge